ESTATE OF SCHMIDT: SCHMIDT, Appellant, v. PFAFF and others,. Respondents.

*April 6—May 2, 1961.*

For the appellant there was a brief by *Roland J. Steinle, Sr.,* and oral argument by *Gregory Gramling, Jr.,* both of Milwaukee.

For the respondent Carl Pfaff there was a brief and oral argument by *Martin J. Torphy* of Milwaukee.

DIETERICH, J. On July 15, 1960, Carl Pfaff signed and filed a petition for the probate of the last will and testament of William Schmidt who died a resident of Milwaukee county on July 13, 1960. The petition for probate of the will of Schmidt sets forth that the petitioner, Carl Pfaff, is a friend of the deceased and sets forth among other names, the name of John Schmidt as an interested person. An order appointing the time to prove said will was issued by the court and the day of hearing was set for September 6, 1960. On September 2, 1960, John Schmidt, filed written objections setting forth that he is the son of a brother of the deceased testator and the next of kin, and alleges as grounds for his objections the following:

"(a) That at the time of the execution of said instrument, the said William Schmidt was not of sound mind and had not sufficient testamentary capacity to make a will.

"(b) That the execution of said instrument was procured by undue influence exercised over and upon said William Schmidt, deceased, directly and indirectly, by Carl Pfaff."

On November 9, 1960, a subpoena for examination of Carl Pfaff as an adverse party pursuant to sec. 326.12, Stats., was served upon Carl Pfaff requiring him to appear before a court commissioner for Milwaukee county on November 16, 1960, for the purpose of submitting to an adverse examination under the provisions of sec. 326.12, at the instance of the adverse party, the objector, John Schmidt.

The proponent, Carl Pfaff, upon an affidavit and order to show cause, made a motion to suppress the adverse examination on the ground that the objector and proponent were not adverse parties within sec. 326.12, Stats.

The motion was heard on November 17, 1960. On November 18, 1960, the county court granted the proponent's motion and issued its order suppressing the examination.

The record discloses that paragraph 11 of the last will and testament of William Schmidt provides as follows:

"I do hereby nominate and appoint Carl Pfaff as executor of my last will and testament and I direct that the said Carl Pfaff shall not be required to furnish any bond for the faithful discharge of his duties as executor of this my last will and testament."

And the objector, John Schmidt, is a residuary legatee.

The only issue is whether the proponent is an adverse party within the provisions of sec. 326.12, Stats.

In 95 C. J. S., Wills, p. 134, sec. 316, it is stated:

"A proceeding to probate a will is purely a statutory proceeding, governed entirely by statute, in which the determination of the status of the instrument propounded for probate affords the res on which the court's jurisdiction is visited, and the petitioner or proponent appears as plaintiff and tenders the issues of fact relevant to the ultimate question of the validity of the will."

Sec. 326.12 (1), Stats.,[1] provides for the adverse examination of a party or person before trial.

The taking of the adverse examination under sec. 326.12 (2), Stats.,[2] is expressly stated to be the same as the procedure for taking other depositions.

---

[1] "Discovery examination before trials. (1) *Persons subject thereto.* The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, . . . at the time of the occurrence made the subject of the examination, may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof, but the deponent shall not be compelled to disclose anything not relevant to the controversy. . . ."

[2] "(2) *Procedure same as for other depositions, exceptions.* Except as provided otherwise by this section, such examination may be had within or without the state, and may be instituted and conducted under and pursuant to the laws and rules regulating the taking of other depositions for use in actions or proceedings."

Sec. 325.14 (1), Stats.,[3] provides for the adverse examination at and during trial.

In *Estate of Borzych* (1954), 267 Wis. 526, 66 N. W. (2d) 164, this court held that the interest of a proponent and the interest of the objectors are adverse and the proponent is subject to cross-examination under sec. 325.14 (1), Stats. In the *Borzych Case,* Helen Brieske filed a petition for the probate of a will dated August 2, 1949. She was not related to the testator by blood or marriage. On June 3, 1953, a niece and sister of the deceased and his only heirs-at-law filed objections to the admission of the will. On September 23, 1953, upon stipulation and waiver the proponent Helen Brieske was adversely examined under the provisions of sec. 326.12. The hearing for admission of the will was held on December 29, 1953, and the proponent called the two subscribing witnesses to the will and rested. The objectors then called the proponent adversely under the provisions of sec. 325.14. Upon objection the trial court refused to permit her cross-examination as an adverse party. This court held (p. 528) :

"The probate of a will is a judicial proceeding and the interests of the proponent and the objectors were certainly adverse, and the objectors should have been permitted to examine Mrs. Brieske as an adverse party."

Secs. 325.14 (1) and 326.12 (1), Stats., are companion statutes.

It, therefore, necessarily follows that if a proponent's interests are adverse to an objector's interests during the trial, they are likewise adverse before trial.

---

[3] "ADVERSE EXAMINATION AT TRIAL; DEPOSITION AS EVIDENCE; REBUTTAL. (1) Any party or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, . . . at the time of the occurrence of the facts made the subject of the examination, may be examined upon the trial as if under cross-examination, at the instance of any adverse party. . . ."

The order to suppress the examination of the proponent under sec. 326.12, Stats., is reversed.

*By the Court.*—Order reversed, and cause remanded for further proceedings in conformity with this opinion.